**QI XING HUANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–40499–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

Theodore N. Cox, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Anthony C. Payne, Senior Litigation Counsel; U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Qi Xing Huang, a native and citizen of the People's Republic of China, seeks review of a September 9, 2003 order of the BIA denying his motion to reopen removal proceedings. *In re Qi Xing Huang*, No. A 76 684 578 (B.I.A. Sept. 9, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Huang's motion when he did not file a petition for review challenging the agency's adverse credibility determination in the first instance. *See Kaur*, 413 F.3d at 234 (finding that the BIA did not abuse its discretion in denying petitioner's motion to reopen due, in part, to his failure to rebut the adverse credibility determination that provided the basis for the IJ's denial of his underlying asylum claim). In that regard, even though Huang's claim that he was married and had two children was not in dispute, he failed to credibly establish to the IJ's satisfaction that his wife suffered a forcible sterilization. Further, even if, as Huang asserts, the evidence he submitted in support of his motion was "material," in that it corroborated the plausibility of his assertion that his wife was forcibly sterilized, the IJ's adverse credibility finding was not premised on a lack of corroboration alone. Rather, in finding Huang's testimony not credible, the IJ also relied on his demeanor, lack of specificity, and the omission from his written application of his mother's lengthy detention, to support his decision. Because Huang failed to challenge the remaining aspects of the IJ's adverse credibility finding, he was unable to overcome that determination. As such, the BIA's denial of his motion was not arbitrary or capricious where that motion rested on the same factual predicate found not credible below. *See id.* at 233–34. Accordingly, we need not reach Huang's argument that the BIA used an inappropriate standard in evaluating his evidence, or the Government's argument that Huang cannot establish eligibility based solely on his wife's sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.